IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,               Case No. 3:98 CR 771

-vs-

                                            MEMORANDUM   OPINION
ARTHUR MCNEAL, III,                          AND   ORDER

                    Defendant.

KATZ, J.

Petitioner, Arthur McNeil III, filed a pro se motion under 18 U.S.C. § 3582(c)(2) to modify or reduce his sentence.  For the reasons stated below, Petitioner's motion will be denied.

**Background**

Following a jury trial in October 2000, Petitioner was convicted of possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts 1 and 3).  The Court relied on the Presentence Report (PSR) in determining Petitioner's applicable sentencing range under the United States Sentencing Guidelines.  The offense conduct involved at least five but less than twenty grams of crack, resulting in a base offense level of 26 pursuant to § 2D1.1 of the Guidelines.  Under U.S.S.G. § 3C1.1 a two-level enhancement applied for obstruction of justice.  However, based on prior felony convictions, Petitioner was deemed a career offender under U.S.S.G. § 4B1.1.  This caused Petitioner to have an adjusted offense level of 37 and criminal history category VI.  The resulting guideline range was 360 months to life.  At sentencing, the Court sentenced Petitioner to 360-months based on his career offender status pursuant to U.S.S.G. § 4B1.1.

Amendment 750 to the Sentencing Guidelines, effective November 1, 2011, lowered the base offense levels applicable to crack cocaine offense levels in U.S.S.G. § 2D1.1.

On January 3, 2012, Petitioner filed the instant motion invoking Amendment 750 in an effort to reduce his sentence. He filed the motion under 18 U.S.C. § 3582(c)(2), which permits district courts to modify certain terms of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. (Doc. No. 154, 157).

The Government opposed the motion, arguing that the changes to § 2D1.1 as a result of Amendment 750 do not apply to Petitioner as he was sentenced under the career-offender guidelines set forth in U.S.S.G. § 4B1.1; and application of Amendment 750 would not result in a different sentencing range. (Doc. No. 161).

Petitioner, through counsel, replied that "new Supreme Court and Sixth Circuit precedent establishe[d] that [Petitioner] [was] eligible for a sentence reduction notwithstanding his status as a career offender if the crack cocaine guidelines were a 'relevant part of the analytic framework' used by the district court to determine his sentence." (Doc. No. 164 at 2); *Freeman v. United States*, 131 S. Ct. 2685, 2692-93 (2011); *United States v. Jackson*, 678 F.3d 442, 445 (6th Cir. 2012).

The Government filed a sur-reply arguing Petitioner's sentence should not be reduced pursuant to *United States v. Tillman*, 2013 WL 150112, *2 (6th Cir. 2013) because his sentence was based on a career offender designation under § 4B1.1, and therefore unaffected by Amendment 750. (Doc No. 167).

Due to developing case law in the Sixth Circuit, the Court held Petitioner's motion in abeyance pending ruling in a congruent case, *United States v. Wherry*, which was decided on April 16, 2013. *United States v. Wherry*, 518 F. App'x 434 (6th Cir. 2013). (Doc. No. 168).

The Government supplemented their prior response following the Sixth Circuit's ruling in *Wherry*. (Doc. No. 169). The matter is now ripe for ruling.

**Law**

18 U.S.C. § 3582(c)(2) authorizes a district court to reconsider a defendants sentence when (1) the defendant has been sentenced to a term of imprisonment based on a sentencing range that "has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Wherry*, 518 F. App'x at 436 (quoting 18 U.S.C. §3582(c)(2)).

The United States Sentencing Commission ("Commission") lists in Section 1(B)(1).10(c) specific guideline amendments which a court may apply retroactively under 18 U.S.C. § 3582(c)(2). Guideline Section 1B1.10(a) explicitly provides that retroactive application of any guideline other than those listed in Subsection (c) is not consistent with the Sentencing Commission's policy statement. In addition, Guideline Section 1B1.10(a) explains that a sentence reduction will not be consistent with the policy statement where an amendment listed in subsection (c), although applicable to a defendant, does not have "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 comment (n.1(A)).

The Fair Sentencing Act of 2010 (FSA) was passed to reduce the disparity in sentencing between crack-and powder-cocaine offenses. Pertinent here, the FSA authorized the Sentencing Commission to make changes to the Sentencing Guidelines. Amendment 750 to the Sentencing Guidelines, effective November 1, 2011, lowered the base offense levels applicable to cocaine base ("crack") offense levels in U.S.S.G. § 2D1.1. However, Amendment 750 effects changes only with respect to the crack-cocaine sentencing table in U.S.S.G. §2D1.1, and pertains only to

3

U.S.S.G. §1B1.10 for purposes of 18 U.S.C. § 3582(c)(2). In sum, Amendment 750 includes only sentencing alterations to the sentencing table in § 2D1.1; "they make no reference to the FSA's statutory alterations to 21 U.S.C. §841." *Wherry*, 518 F. App'x at 437.

## Analysis

Petitioner advances two arguments invoking Amendment 750 for a sentence reduction under 18 U.S.C. § 3582(c)(2). First, Petitioner cites *Freeman v. United States*, 131 S. Ct. 2685, 2692-93 (2011) and *United States v. Jackson*, 678 F.3d 442, 445 (6th Cir. 2012) to argue that he is eligible for sentence reduction notwithstanding his career-offender status because the crack cocaine guidelines were a "relevant part of the analytic framework" used by the Court to determine his sentence. Second, Petitioner cites *United States v. Drewery*, Case No. 1:06-CR-594 (N.D. Ohio, August 8, 2012) to argue the FSA's statutory penalty provisions could be prospectively applied to his applicable guideline range in §3582 proceedings.

In the instant case, there is no dispute Petitioner's sentence was based on his status as a career offender pursuant to U.S.S.G. § 4B1.1. After *Wherry* and *Tillman*, it is clear that a "defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guideline range." *United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013); *Wherry*, 518 F. App'x at 438; *United States v. Drewery*, 531 F. App'x 675, 679 (6th Cir. 2013). "This conclusion is indistinguishable from past cases which held that U.S.S.G Amendment 706 does not apply to career offenders because a career offender's sentence is not based on U.S.S.G. § 2D1.1." *Wherry*, 518 F. App'x at 438 (citing cases therein). The Sixth Circuit also noted *Freeman v. United States*,

4

131 S. Ct. 2685 (2011) did not affect this conclusion because *Freeman* only addressed the "based on" component as it pertained to plea agreements. *Wherry*, 518 F. App'x at 438.

Petitioner's case is also inapposite to *Unites Stated v. Jackson*, 678 F.3d 442 (6th Cir. 2012). In *Jackson*, the district court rejected the career offender guideline sentence in favor of a sentence within the old advisory range for crack cocaine offenses based on "crack versus powder cocaine disparity" that the judge believed was "untenable." *Id*. at 443–444. However, in the instance case, like *Wherry*, the Court applied rather than rejected the mandatory career offender guideline. *Wherry*, 518 F. App'x at 438–39. Thus, unlike *Jackson*, Petitioner's sentence was based on the career offender provision in U.S.S.G. § 4B1.1 and not § 2D1.1. Because the sentencing range under that provision was not lowered by Amendment 750, Petitioner's sentence may not be reduced.

Petitioner cites *United States v. Drewery*, Case No. 06-CR-594, Dkt. 1494 (N.D. Ohio August 8, 2012) to argue that career offenders are eligible for sentence reductions under 18 U.S.C. § 3582(c)(2) based on the FSA's statutory penalty provisions. However, the Sixth Circuit reversed the district court's decision in *United States v. Drewery*, 531 F. App'x 675 (6th Cir. 2013) and found that Amendment 750 does not apply to career offenders sentenced under U.S.S.G. § 4B1.1, and confirmed the FSA did not apply retroactively to defendants sentenced as career offenders prior to the enactment of the FSA. *See also Tillman*, 511 F. App'x at 521 ("The FSA does not provide a basis for reducing [the defendant's] sentence because it does not apply retroactively to defendants [] who were sentenced before the statute was enacted."). Petitioner was sentenced in October 2000, nearly a decade before the FSA was enacted. Moreover,

Amendment 750 is inapplicable to Petitioner as he was sentenced as a career offender under U.S.S.G. § 4B1.1, not 2D1.1. Accordingly, the Court cannot provide the relief Petitioner seeks.

## Motion to Amend

On October 9, 2014, Petitioner filed a letter requesting that the Court hold his motion in abeyance "until the retroactive application [Amendment 782] can be applied." (Doc. No. 170).

Amendment 782, effective November 1, 2014, will revise the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduce by two levels the offense level applicable to many drug trafficking offenses. The Court's ruling on Petitioner's motion with respect to Amendment 750 is separate and distinct from Amendment 782. Because Petitioner's pending motion is based exclusively on Amendment 750, his request for abeyance is denied.

## Conclusion

Accordingly, the Petitioner's motion to modify or reduce his sentence under 18 U.S.C. § 3582(c)(2) (Doc. No. 154) and subsequent request to amend (Doc. No. 170) are denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE